W. PATRICK DONLIN, District Attorney, Price County *Page 366 
You request my opinion as to whether the following individuals can obtain absentee ballots from Wisconsin for voting in general and primary elections:
"One individual, a male, went in the service in 1967 while living with his parents in Stevens Point, Wisconsin. Subsequently the parents moved to Price County, Wisconsin. While the individual was in service, in 1968 he was wounded in Viet Nam and was subsequently returned to the United States and assigned to a hospital located in the State of Texas for treatment. Such transfer took place in May, 1968. Ever since this time this individual has remained in the service stationed at the hospital in Texas. He has at all times maintained his Wisconsin driver's license and has filed, as I am informed, his Wisconsin income taxes. Therefore I presume as to this individual, there would be no question, that he can receive, upon proper application, an absentee ballot for Wisconsin elections.
"The second individual is the wife of the service man. They were married while in Texas and she was, at the time of the marriage, a resident of and domiciled in Texas. She has never resided in Wisconsin except for a short period of time when she and her husband vacationed in Price County in 1970. At this time, it is my understanding that their intent is to return to Wisconsin and set up a home here as soon as the serviceman is discharged. However, they have no ideas when this may be. Is the wife entitled to, upon proper application, an absentee ballot from Wisconsin?"
As you correctly assume, it appears that the serviceman you describe could obtain an absentee ballot for Wisconsin's elections. Section 6.10 (6), Stats., provides, in part, as follows:
"As prescribed in the constitution, no person loses his residence in this state while absent from this state on business for the United States or this state; * * *"
However, since the facts you provide do not disclose the serviceman's age when he entered the service, the age of the serviceman on the date his parents moved from Portage County to Price County, or any other facts in reference to his possible *Page 367 
emancipation, it is not possible for our office to determine whether his absentee ballot should be requested from Price County or Portage County.
Generally speaking, although the place where the family resides normally establishes the residence of the individual members of the family unit, this is not true if the present family home is "temporary or for transient purposes." Sec. 6.10 (2), Stats. The foregoing comments in reference to the serviceman have, therefore, been made on the assumption that he has never abandoned his Wisconsin residence and has continued to consider his present residence in the state of Texas as a temporary residence while absent from the state of Wisconsin.
On the other hand, the situation in reference to the serviceman's wife is a bit more complicated. Section 246.15, Stats., specifically provides, in part, that:
"* * * Women shall have the same rights and privileges under the law as men in the exercise of suffrage * * * (and) choice of residence for voting purposes, * * *" . . ."
Although it is evident that a married woman may establish a voting residence separate from her husband, under the provisions of sec. 246.15, Stats., this office has taken the position for many years that that statute does not require the abandonment of the general common law rule that the domicile of the wife follows that of her husband, at least absent facts establishing otherwise. The operation of that rule under circumstances similar to those described in your letter were previously discussed by our office in 17 OAG 489 (1928). In that opinion, it was concluded that a married woman from California, who had never resided in Wisconsin, but whose husband was a Wisconsin citizen and in the United States Army, could vote in the same Wisconsin precinct as her husband.
As a practicable matter, there is no absolute criterion or guideline which will, at once, determine the question of residence in each and every case. In addition, there may be additional facts in reference to the two situations you describe which would affect a determination as to residence in either one or both cases. However, based on the information you have furnished, I *Page 368 
conclude that both the serviceman and his wife would probably be entitled, upon proper application, to an absentee ballot for Wisconsin elections.
RWW:JCM